(No. 76-CC-2144–

GEORGE B. SILVERMAN *et al.*, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed February 10, 1982.*

UDONI, SILVERMAN, CONNELLY AND GAYNES, for Claimants.

TYRONE C. FAHNER, Attorney General (GLEN P. LARNER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

The record discloses that on August 4, 1969, the Claimants leased to the County of Cook for the use of the Cook County Department of Public Aid a building in Maywood, Illinois. The term of the lease was five years, commencing on October 1, 1969, and ending on September 30, 1974. Due to the fact that Claimants were required to do some remodeling on the premises before it could be occupied, Claimants did not actually take possession until October 1, 1969.

It appears that by virtue of the provisions of Public Act 78-363, effective January 1, 1974 (Public Aid Code, Ill. Rev. Stat., ch. 23, par. 12—18.1), the Cook County Department of Public Aid ceased to be a governmental instrumentality of the county and became an instrumentality of the State of Illinois, and the State assumed the instant lease.

Later by an undated amendment attached to the lease establishing the term of the lease as commencing March 15, 1970, and ending March 14, 1975, the parties' rights and obligations with respect to terminating and renewing the lease were set forth.

On June 10, 1974, one of the Claimants wrote to the Cook County Department of Public Aid to inquire of it

its intentions with regard to renewing the lease for an additional 60 months.

On July 17, 1974, an employee of the Illinois Department of Public Aid wrote to Claimants reminding them that effective January 1, 1974, the interest of the Cook County Department of Public Aid was transferred to the Illinois Department of Public Aid and notified them to send all notices in regard to the lease to the Illinois Department of Public Aid.

On December 13, 1974, Mr. Roland Burris, director of the Department of General Services, answered Claimant's letter of June 10, 1974, and informed him that the State of Illinois, by the Department of General Services for the use of the Illinois Department of Public Aid, wished to extend its present lease for an additional three and one-half months, commencing March 16, 1974, and terminating June 30, 1975. Claimants take the position that this letter merely re-defined the term of the lease and extended it to June 30, 1975, but in no way affected Respondent's rights to renew under section 8 of the lease nor its obligations to notify the Claimants in writing if it was not going to exercise its rights to renew. Claimants further contend that on June 30, 1975, the lease rolled over for an additional 60 months. There is no explanation in the record as to why Claimants brought suit for only 12 months rent rather than 60 months rent.

It is the opinion of this Court that the Respondent, by its correspondence, indicated that it desired to terminate the lease as of June 30, 1975, and that such termination was accepted by the written signature of Claimant Silverman.

Claim denied.